**Nolan CARTER, Jr., Ancillary Administrator of the Estate of William P. Debruhl, Appellant,**

**v.**

**SOUTHERN RAILWAY COMPANY, a Virginia corporation et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 28, 1973.

As Modified on Denial of Rehearing
Dec. 7, 1973.

Joseph L. Arnold, Allen, Duncan & Arnold, Lexington, for appellant.

Rufus Lisle, Harbison, Kessinger, Lisle & Bush, Lexington, for appellees.

PALMORE, Chief Justice.

This wrongful death action, filed within one year of the decedent's death, was dismissed by summary judgment entered more than a year after his death upon the ground that the order appointing the appellant as administrator had not been signed in the county court order book and the bar of limitations had intervened.

The death occurred on October 28, 1969. Suit was filed on September 29, 1969, alleging plaintiff's appointment as administrator on Sept. 26, 1969. An answer denying the appointment and asserting both lack of capacity to sue and the one-year statute of limitations, KRS 413.140(1)(a), was served by mail on October 27 and filed on October 28, 1969. Defendant then moved for a summary judgment and filed in support of the motion an affidavit disclosing that not until November 6, 1969, had the county judge affixed his signature covering the order book pages on which the orders pertaining to the appointment and qualification of the administrator, originally dated September 26, 1969, had been entered. The summary judgment of dismissal was entered on May 12, 1971, on the ground that no valid appointment had been effected within the one-year limitation period.

Dismissal of the complaint was in error. Conceding that the orders were not valid until signed on November 6, 1969, it was categorically held in Modern Bakery, Inc., v. Brashear, Ky., 405 S.W.2d 742 (1966), that a subsequent valid appointment will relate back to the original filing of the action and save it against the intervention of limitations. The function of a motion for summary judgment is to end a lawsuit which obviously cannot be pursued to a successful conclusion. The motion in this case destroyed its own foundation by making it obvious that insofar as the plaintiff's capacity was concerned there was no reason why the action could not be successfully maintained.

A motion to dismiss the appeal because the statement of appeal, prematurely

filed before the record was prepared and filed, did not provide some of the essential dates and page numbers required by RCA 1.090(a) has been passed to the merits. Here again, counsel for appellant has loosely practiced the case by not moving to amend the statement, but we think such an amendment could have been and should be permitted, and for the sole purpose of saving time we shall consider it as having been done.

The judgment is reversed for further proceedings.

PALMORE, C. J., and JONES, MILLI-KEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.